# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| VINCENT SYSTEMS GMBH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FILLAUER COMPANIES, INC. and )<br>MOTION CONTROL, INC., )<br>)<br>Defendants. )<br>) | Case No. 1:23-cv-00002-CEA-SKL |

## <u>AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Vincent Systems GmbH hereby sets forth its Complaint for patent infringement against Defendants Fillauer Companies, Inc. and Motion Control, Inc., and in support alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. This is an action for patent infringement. Vincent Systems alleges that Fillauer and Motion Control infringe U.S. Patent No. 8,491,666 entitled "Finger Element" ("the '666 Patent"). a true and correct copy of which is attached hereto as Exhibit A.

2. Vincent Systems alleges that Fillauer and Motion Control directly and indirectly infringe the '666 Patent by making, using, offering for sale, selling, and/or importing the infringing products described below and by actively encouraging Motion Control and other third parties to do the same knowing that those acts constituted infringement. Vincent Systems seeks damages and other relief for the Defendants' infringement of the '666 Patent.

1

## THE PARTIES

3. Plaintiff Vincent Systems is a corporation existing under the laws of Germany, with its address at Breite Straße 155, 76135 Karlsruhe, Germany.

4. Defendant Fillauer Companies, Inc. is a Tennessee company with a principal place of business at 2710 Amnicola Highway, Chattanooga, Tennessee 37406.

5. Defendant Motion Control, Inc. is a Utah company with a principal place of business at 115 N. Wright Brothers Drive, Salt Lake City, Utah 84116.

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement, arising under 35 U.S.C. § 271, *et seq*.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as this action is between a citizen of a foreign state and citizens of two of the several States, and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Fillauer at least because Fillauer is a Tennessee corporation with its principal place of business in Tennessee.

9. This Court has personal jurisdiction over Motion Control at least because Motion Control has consented to personal jurisdiction and venue for purposes of this suit.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1400(b) because Fillauer resides in this District and has committed acts of infringement and has a regular and established place of business in this District, and because Motion Control has consented to personal jurisdiction and venue for purposes of this suit.

2

A. **Vincent Systems' Revolutionary Finger Element and U.S. Patent No. 8,491,666**

11.	Plaintiff Vincent Systems is a medical technology company that designs, develops, and makes innovative and highly functional prostheses for the upper extremities, especially prosthetic hands.

12.	Vincent Systems has been engaged in this work for over a decade and has received numerous awards for its life-changing inventions and products.

13.	As would be expected, a finger element is an essential and critical part of any hand prosthesis. Through its significant research efforts, Vincent Systems created a finger element that is unparalleled in its active and passive functions, as well as in its dimensions, which mimic natural fingers.

14.	Vincent Systems' innovative finger element is protected by U.S. Patent No. 8,491,666 entitled "Finger Element" ("the '666 Patent"), attached as Exhibit A to this Complaint.

15.	Vincent Systems owns the entire right, title, and interest in the '666 Patent, which issued on July 23, 2013, to inventor Dr. Stefan Schulz, founder and Chief Executive Officer of Vincent Systems. Dr. Schulz assigned his rights in the '666 Patent to Vincent Systems on April 10, 2010.

16.	The invention of the '666 Patent represents a revolutionary change in prosthetic fingers. Although hand prostheses have long been available, significant challenges have existed relating to moveable finger elements for those prostheses. For example, individual finger elements have traditionally been passive, including because the mechanical features of an actively functioning finger were large and therefore required placement in an associated prosthetic hand or arm. Traditional finger elements that did have independent movement

3

capability, in turn, were too large for small hands, such as prosthetic hands designed for women and children.

17.     As explained in the '666 Patent, a challenge faced by Dr. Schulz was "to modify a finger element in a way, so that it is generally usable as an autarkic element that means also as a single-finger prosthesis.  In particular, the finger element may be in its active and passive function as well as in its dimensions close to a natural finger, in particular also very close to smaller fingers and thereby comprise a long lifetime." (Exhibit A, 1:66-2:5.)

18.     The invention of the '666 Patent solves these problems and discloses a novel design and mechanical solution that allow for a small, active finger element, as well as increased life-span and fewer maintenance intervals through optimized design.

19.     Claim 1 of the '666 Patent reads as follows:

"1. A finger element, comprising:

a) a carrier component,

b) a first phalanx with a first hinge connection to the carrier component,

c) a second phalanx with a second hinge connection to the first phalanx,

d) a servo drive for the first hinge connection with a motor with a drive shaft and a worm gearing with a threaded screw and a cog segment that engages to the threaded screw, and

e) a coupling mechanism between the first hinge connection and the second hinge connection, wherein

f) the threaded screw is supported on the drive shaft form fittingly and axially movable as well as guided in axial direction by separate guidances."

(Exhibit A, 5:40-6:11.)

4

20.     Figure 2 of the '666 Patent, reproduced here, provides an illustration of an example of the claimed finger element:



(Exhibit A, Fig. 2.)

21.     Vincent Systems' patented finger element is incorporated into its full and partial hand prostheses, including but not limited to the VINCENTevolution4, VINCENTyoung3+, VINCENTevolution3, and VINCENTpartial3+ products, images of which are shown below:



**VINCENTevolution4**



**VINCENTyoung3+**

5

 

**VINCENTevolution3**                    **VINCENTpartial3+**

22.     Vincent Systems sells these products throughout the world, including in the United States.

**B. The TASKA Hand meets every element of at least Claim 1 of the '666 Patent**

23.     The infringing products in this case are a line of prosthetic hands known as the TASKA Hand.

24.     The TASKA Hand meets each and every element of at least claim 1 of the '666 Patent.

25.     A Feature Sheet for TASKA Hand is attached as Exhibit D.  A Specification Sheet for TASKA Hand is attached as Exhibit E.  An Appropriate Use Guidelines Sheet for TASKA Hand is attached as Exhibit F.  A COAPT/TASKA Prosthetist Manual is attached as Exhibit G.  A Product Order Form for TASKA Hand is attached as Exhibit H.

26.     An image from the Specification Sheet for TASKA Hand is shown here:

6





(Exhibit E, p. 3.)

27. Claim 1 of the '666 Patent reads as follows:

"1. A finger element, comprising:

a) a carrier component,

b) a first phalanx with a first hinge connection to the carrier component,

c) a second phalanx with a second hinge connection to the first phalanx,

7

d) a servo drive for the first hinge connection with a motor with a drive shaft and a worm gearing with a threaded screw and a cog segment that engages to the threaded screw, and

e) a coupling mechanism between the first hinge connection and the second hinge connection, wherein

f) the threaded screw is supported on the drive shaft form fittingly and axially movable as well as guided in axial direction by separate guidances."

28. The finger elements of the TASKA Hand comprise a carrier component by means of which the respective finger is fixed to the rest of the prosthesis, as illustrated below.



Carrier Component

29. The finger elements of the TASKA Hand comprise a first phalanx with a first hinge connection to the carrier component, as illustrated below.



first hinge connection

first phalanx

8

30.     The finger elements of the TASKA Hand comprise a second phalanx with a second hinge connection to the first phalanx, as illustrated below.



31.     The finger elements of the TASKA Hand comprise a servo drive for the first hinge connection with a motor with a drive shaft and a worm gearing with a threaded screw and a cog segment that engages to the threaded screw, as illustrated below.



9



32.     The finger elements of the TASKA Hand comprise a coupling mechanism between the first hinge connection and the second hinge connection, as illustrated below.

10



coupling mechanism

33.    The finger elements of the TASKA Hand comprise a threaded screw that is supported on the drive shaft form fittingly and axially movable as well as guided in axial direction by separate guidances.

34.    The finger elements of the TASKA Hand comprise a threaded screw that is supported on the drive shaft form fittingly.

35.    The end of the drive shaft of the motor is not round, but is flat on one side, such that, when viewed from above, it has a "D" shape, as illustrated below.  Inside the opening of the threaded screw is a projection that corresponds to and complements the D-shaped drive shaft, as further illustrated below.  The threaded screw is supported on the drive shaft form fittingly through the interaction of the shape of the drive shaft and the shape of the threaded screw opening, which transmits the rotary movement of the motor to the threaded screw.

36.    As a counterpart to the shape of the drive shaft, the opening of the threaded screw has a corresponding projection inside.  Thus, the threaded screw has a D-shaped opening as a complement to the "D" shape of the drive shaft:

11



D-shaped drive shaft

Threaded screw projection making D-shaped opening

37.     The finger elements of the TASKA Hand comprise a threaded screw that is supported on the drive shaft axially movable.

38.     On information and belief, the threaded screw of the finger element of the TASKA Hand is not fixed on the drive shaft but merely slid on or temporarily attached to it, as illustrated below.



39. The finger elements of the TASKA Hand comprise a threaded screw that is guided in the axial direction by separate guidances.

40. In the TASKA Hand, guidances in the form of grooved ball bearings are attached to the left and right of the threaded screw, as illustrated below.



41. Thus the TASKA Hand comprises finger elements that comprise all of the elements of claim 1 of the '666 patent.

### C. Defendants' Infringement of the '666 Patent

42. Fillauer states that "Fillauer is the exclusive distributor for [the] TASKA® [Hand] in the United States." *See* Exhibit B.

43. Fillauer has directly infringed and continues to directly infringe at least claim 1 of the '666 Patent by using, making, selling, offering to sell, and/or importing into the United States the TASKA Hand.

44. For example, a link on Fillauer's website to an online catalog allows customers to purchase the TASKA Hand and its component parts and accessories. *See* Exhibit B.

45. Motion Control states that it is a "division of Fillauer." *See* Exhibit C.

46. On the website utaharm.com, Motion Control refers to itself as "Fillauer Motion Control" and "FMC" and identifies itself as "A Fillauer Company." In the "Contact Info"

13

portion of that website, Motion Control provides its email address, which uses the fillauer.com domain.

47.     Like Fillauer, Motion Control states that it "is the exclusive distributor for the TASKA® Hand in the United States." *See* Exhibit C.

48.     Accordingly, Motion Control is a division of Fillauer, an alter ego of Fillauer, and operates at Fillauer's direction, under Fillauer's control, and for Fillauer's benefit in the distribution of the TASKA Hand in the United States.

49.     Motion Control has directly infringed and continues to directly infringe at least claim 1 of the '666 Patent by using, making, selling, offering to sell, and/or importing into the United States the TASKA Hand.

50.     Fillauer has also indirectly infringed and continues to indirectly infringe the '666 Patent at least by inducing Motion Control and its own and Motion Control's customers and end-users to directly infringe the claimed inventions.  Fillauer induces Motion Control and its own and Motion Control's customers and end-users to infringe the '666 Patent at least by encouraging and instructing them to make, use, sell, offer to sell, or import the TASKA Hand in a manner that Fillauer knows infringes the '666 Patent.

51.     Motion Control has also indirectly infringed and continues to indirectly infringe the '666 Patent at least by inducing its customers and end-users to directly infringe the claimed inventions.  Motion Control induces its customers and end-users to infringe the '666 Patent at least by encouraging and instructing them to make, use, sell, offer to sell, or import the TASKA Hand in a manner that Motion Control knows infringes the '666 Patent.

52.     Defendants have induced and continue to induce infringement of the '666 Patent, at least through activities such as designing, making, selling, offering to sell, importing,

14

marketing, advertising and promoting the infringing products; creating and distributing technical, marketing, promotional, educational, and other product literature for the infringing products; providing instructions for use of the infringing products; and offering technical support, training, education, repair, and other services for the infringing products.

53. Fillauer and Motion Control were put on notice of their infringement since at least August 31, 2022, when Plaintiff Vincent Systems notified them that their importation, offers for sale, and sales of the TASKA Hand infringed the '666 Patent.

54. On October 3, 2022, Fillauer and Motion Control acknowledged their receipt of Vincent Systems' August 31, 2022, assertion that importation, offers for sale, and sales of the TASKA Hand infringed the '666 Patent.

55. On March 17, 2023, Vincent Systems informed Fillauer and Motion Control that the Regional Court of Mannheim found that the TASKA Hand infringes EP Patent No. 2364129, the European Patent counterpart to the '666 Patent, and that the German Federal Patent Court rejected a bid to invalidate EP Patent No. 2364129.

56. Despite its knowledge of the '666 Patent, Vincent Systems' notice of infringement, and its knowledge that the TASKA Hand infringes a valid patent, Fillauer nevertheless continued and continues to engage in the infringing acts described above with the specific intent of encouraging its customers and/or end-users as well as Motion Control to infringe.

57. Despite its knowledge of the '666 Patent, Vincent Systems' notice of infringement, and its knowledge that the TASKA Hand infringes a valid patent, Motion Control nevertheless continued and continues to engage in the infringing acts described above with the specific intent of encouraging its customers and/or end-users to infringe.

15

58. Accordingly, Defendants' infringement, direct and indirect, has been and continues to be willful under 35 U.S.C. § 284.

## COUNT I

### Infringement of U.S. Patent No. 8,491,666

59. Plaintiff Vincent Systems realleges and incorporates by reference as if fully set forth herein the allegations of the preceding paragraphs.

60. Vincent Systems owns all right, title, and interest in the '666 Patent.

61. Defendants have directly infringed and continue to directly infringe Vincent Systems' '666 Patent under 35 U.S.C. § 271 *et seq.*, either literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing into the United States the TASKA Hand.

62. Defendants have indirectly infringed and continue to indirectly infringe Vincent Systems' '666 Patent under 35 U.S.C. § 271 *et seq.*, either literally or under the doctrine of equivalents, by encouraging Motion Control and its own and Motion Control's customers and end-users to make, use, offer for sale, sell, and/or import into the United States the TASKA Hand.

63. Vincent Systems has suffered and will continue to suffer harm due to Defendants' infringing acts, thereby justifying an award of damages in an amount adequate to compensate Vincent Systems for Defendants' infringement as provided in 35 U.S.C. § 284.

64. Defendants' infringement of the '666 Patent has been willful, thereby justifying enhanced damages and attorneys' fees, including under 35 U.S.C. §§ 284 and 285.

16

65.     As a result of Defendants' infringement of the '666 Patent, Vincent Systems has suffered and will continue to suffer irreparable injury, thereby also justifying permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vincent Systems prays for relief and judgment as follows:

(a) A determination that Defendants have infringed one or more claims of the '666 Patent under 35 U.S.C. § 271, *et seq.*;

(b) An injunction permanently enjoining Defendants, and all parties acting in concert with it, from further infringement of the '666 Patent;

(c) Damages in an amount adequate to compensate Vincent Systems for Defendants' infringement pursuant to 35 U.S.C. § 284;

(d) A determination that Defendants' infringement has been willful, and an award of treble damages pursuant to 35 U.S.C. § 284;

(e) A determination that this case is exceptional and an award of reasonable attorney fees pursuant to 35 U.S.C. § 285;

(f) A determination that Vincent Systems is entitled to pre-suit damages pursuant to 35 U.S.C. § 287;

(g) An award of pre- and post-judgment interest on Vincent Systems' damages, together with all costs and expenses; and

(h) An order granting Vincent Systems such other and further relief as the Court may deem just and proper.

17

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule 38, Plaintiff Vincent Systems hereby demands a trial by jury of all claims for which it has the right thereto.

Dated: May 31, 2023                    Respectfully submitted,

By:    /s/ *Jennifer Seraphine*
Jennifer Seraphine (*pro hac vice*)
TURNER BOYD LLP
155 Bovet Road, Suite 750
San Mateo, California  94402
Tel.:  650-521-5930
Fax:  650-521-5931
Email: seraphine@turnerboyd.com

*Attorneys for Plaintiff Vincent Systems GmbH*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2023, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

Respectfully submitted,

*/s/ Jennifer Seraphine*
Jennifer Seraphine (*pro hac vice*)
Turner Boyd LLP
155 Bovet Road, Suite 750
San Mateo, California 94402
Tel: (650) 521-5930
Fax: (650) 521-5931
Email: seraphine@turnerboyd.com

19