UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VINCENT SYSTEMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:23-cv-2-CEA-SKL |
| FILLAUER COMPANIES, INC., and | ) | |
| MOTION CONTROL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a Motion for Leave to File Under Seal [Doc. 86] filed by Plaintiff Vincent Systems GMBH ("Vincent Systems"). Vincent Systems indicates its Opening Claim Construction Brief [Doc. 85] and Exhibit 5 thereto include "a limited amount of material" which has been designated highly confidential/attorneys' eyes only by Defendant Motion Control, Inc. ("Motion Control") [*see* Doc. 86 at Page ID # 1927].

This case was filed January 4, 2023. Since that time, the Court has revised its standard Memorandum and Order Regarding Sealing Confidential Information ("M&O"). In pertinent part, the revised M&O requires:

**A. Additional Procedures Required to File Another Party's or Non-Party's Confidential Information Under Seal**

1. If a protective order entered in this case requires that a party seeking to file ("the filing party") another party's or non-party's information which the party or non-party has designated as confidential (each referred to as "the designating party"), then before the filing party files a motion to seal, the filing party and designating party shall meet and confer to determine exactly which documents the designating party asserts meet the Sixth Circuit's sealing standards. The filing party may move to seal only those confidential-designated documents that the designating party asserts meet the sealing standards. The motion to seal MUST contain a certification by counsel for the filing party that the filing party and the designating party have

met and conferred in good faith to determine which documents the designating party asserts merit sealing. The Meet and Confer Certification shall be prominently placed on the first page of the motion to seal as the first paragraph and shall contain the following:

### Meet and Confer Certification

**I, (undersigned attorney), counsel for (moving party), do hereby certify that I have met and conferred with counsel for (the designating party) in good faith to determine which documents (designating party) asserts merit sealing. This motion to seal pertains only to those documents so identified by (designating party).**

2. After a motion to seal is filed, the designating party will have fourteen days from service of the motion to seal to file: (a) a response indicating whether that party supports the motion to seal, and (b) if the response is in the affirmative, any declarations or other papers supporting such response.

In addition, where a party seeks to redact a public filing, as is the case here, the revised M&O requires:

> An unredacted document (the document containing the confidential information) shall be filed using the *Proposed Sealed Document* event, **with all proposed redacted portions (confidential portions) of the document highlighted using a legible text highlight color**, to enable the Court to identify and review those confidential portions of the document that the moving party is asking to be sealed, *i.e.* redacted from the public record permanently.

(Emphasis added).

In the instant motion, Vincent Systems writes, "On April 24, 2024, counsel for Motion Control indicated that Motion Control maintains the confidentiality designation for the testimony cited" in Vincent System's Opening Claim Construction Brief and Exhibit 5 thereto [Doc. 86 at Page ID # 1927]. This is insufficient to meet the certification requirements of the revised M&O. In addition, the proposed redactions are not highlighted [*see* Doc. 87 & Doc. 87-1]. The Court acknowledges the parties were not required to comply with the revised M&O when the instant

motion was initially filed because it was not entered in this case. Nevertheless, the Court finds it proper to enter the revised M&O now and to require the parties to comply with the terms of the revised M&O going forward and with respect to the pending motion to seal.[1]

Accordingly, it is **ORDERED**:

(1) The Memorandum and Order Regarding Sealing Confidential Information [Doc. 7] is **VACATED** and the Clerk is **DIRECTED** to enter the revised M&O.

(2) Within **SEVEN DAYS** of entry of this Order, Vincent Systems is **ORDERED** to provide an appropriate conferral certification for the instant motion, which for present purposes may be filed separately on the docket as a notice. For all future motions to seal, the certification **SHALL** be included in the motion as required by the revised M&O.

(3) Motion Control is **ORDERED** to comply with the revised M&O in submitting its response to the instant motion, including by providing any necessary declarations or other papers.

(4) For all future filings, the parties are **ORDERED** to comply with the revised M&O in all respects.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Given the limited redactions proposed in the instant motion [Doc. 87 & Doc. 87-1] and to avoid confusion over citations to the record, Vincent Systems is not required to re-file the proposed sealed documents with the proposed redactions highlighted.