**Exhibit C – Vincent Systems' WDTN Local Patent Rule 4.5(c) Statement**

Plaintiff Vincent Systems provides its statement under Western District of Tennessee Local Patent Rule 4.5(c) as follows.

"servo drive":  Construction of this term is neither case dispositive nor will it facilitate settlement, because the Accused Product meets this claim limitation regardless of whether it is given its plain meaning, as Vincent Systems proposes, or under Defendants' proposed construction.

"coupling mechanism between the first hinge connection and the second hinge connection":  Construction of this term is neither case dispositive nor will it facilitate settlement, because the Accused Product meets this claim limitation regardless of whether it is given its plain meaning, as Vincent Systems proposes, or under Defendants' proposed construction.

"axially movable" and "guided in axial direction by separate guidances":  Claim construction would be dispositive as to these terms if construed in Vincent Systems' favor, and therefore would be substantially conducive to promoting settlement.  Construction as proposed by Defendants will not be dispositive, however, because the Accused Product meets these claim limitations under Defendants' proposed construction.  While Defendants contend that adoption of their proposed construction of "axially movable" would be dispositive in their favor because the threaded screw of the Accused Product is glued or welded to the drive shaft, the evidence at trial will show that Defendants' attempted design around is unsuccessful because the glue or weld will fail under normal use.  Construction of this term would be case dispositive in Defendants' favor only if Defendants meet the clear and convincing evidentiary standard to prove that these terms is indefinite under 35 U.S.C. § 112.