# Exhibit D – Defendants' WDTN Local Patent Rule 4.5(c) Statement

Construction of all four disputed terms have the potential to be dispositive of the entire case or, at the very least, will likely be conducive to promoting settlement:

**"servo drive":** The accused hands do not have a "servo drive" as claimed at least because it does not have a self-contained, closed-loop feedback system within the finger element. Adoption of Defendants' proposed construction could be dispositive of this case or aid settlement.

**"a coupling mechanism between the first and second hinge connection":** The accused hands include a link connected at a first point distal from the first shoulder connection to a second point distal from the second shoulder connection, such that the "coupling mechanism" is not "between the first hinge connection and second hinge connection." Adoption of Defendants' proposed construction could be dispositive of this case or aid settlement.

**"axially movable":** None of the accused prosthetic hands include a "threaded screw supported on the drive shaft form fittingly and *axially movable*" under the proper construction of the term. The threaded screw of the accused hands are glued or welded to the drive shaft and are therefore not "axially movable." While Vincent contends the evidence will show that the glue or weld will fail under normal use, to date Vincent has produced no evidence that this is true. The prosthetic hands at issue are regulated medical devices exactingly engineered for performance, not failure. Adoption of Defendants' proposed construction would be dispositive of this case.

**"guided in the axial direction by separate guidances":** The term "guided in the axial direction by separate guidances" is indefinite, thereby rendering all claims of the '666 patent invalid under 35 U.S.C. § 112(b). Adoption of Defendants' proposed construction of this term would be dispositive of this case.