UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VINCENT SYSTEMS GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:23-cv-2-CEA-MJD |
| FILLAUER COMPANIES, INC., and | ) | |
| MOTION CONTROL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is a motion for leave to file documents under seal, filed by Plaintiff

Vincent Systems GMBH ("Vincent") [Doc. 124 (the "Motion")]. The documents at issue are

Exhibits 1, 2, and 4 to Vincent's motion to compel [Doc. 123], which is not yet ripe. Vincent also

seeks to file a redacted version of the motion to compel in the public record, with the unredacted

version filed under seal. Neither Defendant Fillauer Companies, Inc. ("Fillauer"), nor Motion

Control, Inc. ("Motion Control," and together with Fillauer, "Defendants"), filed a response to the

Motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1.

Vincent contends the proposed sealed/redacted documents include materials designated as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Motion Control [Doc. 124 at

Page ID # 2986]. Vincent writes that "Motion Control asserts [the proposed sealed information] is

highly confidential and proprietary information about the inner workings of Motion Control's

prosthetic hands, including confidential manufacturing and assembly procedures." [*Id.*]. Vincent

appears to agree that the proposed sealed information consists of or concerns "non-public,

confidential manufacturing and assembly procedures for Motion Control's prosthetic hands." [*Id.*

at Page ID # 2986–87].

Once again, the parties have failed to provide any evidence, such as an affidavit, to support a request for leave to file a motion under seal. The Court has emphasized this requirement repeatedly in this case, most recently by warning the parties on February 6, 2025, that "Future sealing motions unaccompanied by evidentiary support are subject to being summarily denied." [*See* Doc. 75; Doc. 76; Doc. 114 at Page ID # 2811 n.1].[1] The Motion also does not contain the meet-and-confer certification required when moving to file another party's confidential information under seal. [*See* Doc. 89 at Page ID # 1980 ("Additional Procedures Required to File Another Party's or Non-Party's Confidential Information Under Seal")]. In its Order entered April 25, 2024 [Doc. 88], the Court specifically held the parties were required to comply with this procedure beginning with the sealing motion at Docket No. 86, filed April 24, 2024. [*See* Doc. 88].

The Court therefore **DENIES** the Motion [Doc. 124] for failure to comply with the Court's prior orders. The Clerk is respectfully directed to delete the proposed sealed documents [Doc. 125] consistent with Rule 12.2 of the Court's ECF Rules and Procedures. This order does not operate as an adjudication on the merits of the Motion and is issued without prejudice to refiling in

---

[1] "Manufacturing processes and design documents" that "afford[] a competitive advantage to persons who possess [them]" often contain the type of information that is appropriately kept under seal. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (citations and quotation marks omitted). Nevertheless, "agreement by the parties that information is confidential business information, trade secrets or protected personal information, standing alone, does not meet the standard required to file information under seal." [Doc. 89 at Page ID # 1979]. In this case, for example, it is not at all obvious that proposed sealed Exhibit 2 [Doc. 125-2] should not be redacted as opposed to sealed in its entirety. [*See* Doc. 89 (Even where "a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed.")].

accordance with the Court's prior orders, which require, *inter alia*, (1) submitting evidence (*e.g.*, an affidavit) supporting the underlying designation of the documents; and (2) if relating to information designated as confidential by another party (or non-party), the meet-and-confer certification.[2]

        SO ORDERED.

        ENTER:

/s/ _____

MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[2] For clarity's sake, the certification is required whenever a party is seeking to file another party's designated confidential information under seal, regardless of whether the moving party agrees with the designation or not.