UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| VINCENT SYSTEMS GMBH,<br>Plaintiff,<br><br>v.<br><br>FILLAUER COMPANIES, INC., and<br>MOTION CONTROL, INC.,<br><br>Defendants. | ) | Case No. 1:23-cv-00002-CEA-MJD |

**<u>JOINT MOTION FOR REFERRAL TO JUDICIAL MEDIATION PURSUANT TO RULE 16.4 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE</u>**

Come Vincent Systems GMBH, Fillauer Companies, Inc., and Motion Control, Inc. (collectively, the "Parties"), through undersigned counsel, and, pursuant to Rule 16.4 of the Local Rules of the United States District Court for the Eastern District of Tennessee ("Local Rules"), respectfully request that this Honorable Court refer this matter in its entirety for judicial mediation[1] prior to trial, currently scheduled to commence on December 8, 2026.

Local Rule 16.4(a) provides, in pertinent part, that "[w]ith . . . agreement of the parties in any civil action . . . the Court may refer all or part of the underlying dispute to Mediation pursuant to this Local Rule." Rule 16.4(k) provides that "[p]ursuant to 28 U.S.C. § 653(b), magistrate judges of this Court may serv[e] as neutrals and conduct judicial settlement conferences provided they have received formal training to serve as neutrals in the alternative dispute resolution

[1] The Parties note that, on July 10, 2025, the Court ordered them to engage in mediation (*see* Order of July 10, 2025 [138]), but that mediation did not resolve the case (*see* Report of the Mediator [155]).

process." Rule 16.4(l) provides that "[u]nless excused by the Mediator in writing, all parties, or party representatives, and any required claims professionals (e.g., insurance adjusters) shall be present at the Mediation Conference with full authority to negotiate a settlement."

The Parties have conferred and determined that, assuming his willingness and availability, they would agree upon the Honorable Christopher H. Steger, United States Magistrate Judge, to serve as a judicial mediator in the above-contemplated mediation.

In addition, the Parties note that, while they (through counsel and their respective domestically located representatives) intend to appear in person for any ordered mediation, a company representative for Vincent and a representative of interested non-party TASKA are likely to participate in the mediation remotely from outside the country. Compelling those representatives' in-person attendance would likely require them to engage in lengthy and expensive international travel on two separate occasions, rather than one (*i.e.*, for the December trial if the case does not resolve at mediation) in a short window of time. Those representatives will be available to participate fully in the mediation through remote means. For that reason, the Parties respectfully request that party and interested non-party representatives located internationally be permitted to appear remotely for the mediation.

Accordingly, for the reasons explained above, the Parties respectfully request that:

- Pursuant to Local Rule 16.4(a), this Honorable Court refer this matter in its entirety for judicial mediation;
- Pursuant to Local Rule 16.4(k), and subject to his willingness and availability, the Honorable Christopher H. Steger, United States Magistrate Judge, be appointed to serve as mediator; and

- Pursuant to Local Rule 16.4(l), party and interested non-party representatives located internationally be permitted to appear for the mediation remotely, with the understanding that they will participate actively and with full settlement authority, as appropriate.

The Parties further respectfully request that, should Judge Steger be unavailable to conduct the above-contemplated mediation, they be permitted to confer about alternate judicial mediators to present to the Court for consideration and appointment.

Dated: October 12, 2026

Respectfully submitted,

/s/ *Jennifer Seraphine*
Jennifer Seraphine (*admitted pro hac vice*)
Keeley Vega (*admitted pro hac vice*)
Jacob Zweig (*admitted pro hac vice*)
THOMPSON HINE LLP
155 Bovet Road, Suite 600
San Mateo, California 94402
Tel.: 650-521-5930
Email: jennifer.seraphine@thompsonhine.com
Email: keeley.vega@thompsonhine.com
Email: jacob.zweig@thompsonhine.com

Arthur P. Brock, BPR No. 014189
Joseph Alan Jackson II, BPR No. 030203
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402-1749
Tel: 423.756.7000
Email: apb@smrw.com
Email: jaj@smrw.com

*Attorneys for Plaintiff Vincent Systems GmbH*

/s/ *Kara R. Fussner*
Rudolph A. Telscher Jr. (admitted *pro hac vice*)
Daisy Manning (admitted *pro hac vice*)
Kara R. Fussner (admitted *pro hac vice*)
Samantha R. Sweet (admitted *pro hac vice)*
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500

St. Louis, MO 63105
Email: rudy.telscher@huschblackwell.com
Email: daisy.manning@huschblackwell.com
Email: kara.fussner@huschblackwell.com
Email: samantha.sweet@huschblackwell.com

*Attorneys for Defendant Motion Control, Inc.*

John G. Jackson, BPR No. 013840
CHAMBLISS, BAHNER & STOPHEL P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
(423) 757-0240
Email. jjackson@chamblisslaw.com

*Attorneys for Defendant Fillauer Companies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of October 2026, I caused the foregoing to be filed electronically with the Clerk of the Court, and therefore served upon all counsel of record.

*/s/ Kara R. Fussner*
Kara R. Fussner